UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS STEPHEN GUNN, | No. C 07-347 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES A. YATES, warden, | |
| Respondent. | |

## INTRODUCTION

Thomas Stephen Gunn, an inmate at the Pleasant Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Gunn states in his petition that he was convicted in Mendocino County Superior Court of possession of sexual images of a minor, exhibiting harmful matter to a minor with the intent to seduce, annoying or molesting a minor, and lewd acts with a child under 14. He alleges that he was sentenced on December 12, 2002 to a term of 30 years to life imprisonment. He apparently appealed unsuccessfully and filed state habeas petitions before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: First, Gunn alleges that he received ineffective assistance of counsel in that counsel failed to cross-examine child witnesses vigorously enough, that there were several changes of defense counsel, defense counsel failed to prepare defense witnesses to testify, and defense counsel had a conflict in that he was distracted during trial due to his impending wedding. Second, Gunn alleges that California Evidence Code § 1108 and the trial court's admission of prior bad acts evidence under it violated his right to due process. Third, Gunn alleges that the court's evidentiary rulings had the effect of denying Gunn his due process rights to present a defense and confront witnesses. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

Gunn's third claim also alleges that the court's rulings were erroneous under California law. This part of the claim is dismissed because state law errors do not support federal habeas relief. The federal writ of habeas corpus is available only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all

attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 22, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **July 27, 2007**.

5. Petitioner's in forma pauperis application is DENIED because petitioner has ample funds to pay the filing fee.  (Docket # 2, # 4.)  Petitioner must pay the $5.00 filing fee no later than **May 25, 2007** or this action will be dismissed.

IT IS SO ORDERED.

DATED: April 6, 2007

_____
SUSAN ILLSTON
United States District Judge