**United States District Court**
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8   THOMAS STEPHEN GUNN,                    No. C 07-347 SI (pr)
9              Petitioner,                  **ORDER**
10         v.
11  JAMES A. YATES, warden,
12             Respondent.
13  _____/
14  A.    Potential New Claim
15         Petitioner filed a "motion to review legality of original sentencing," in which he argues
16  that his sentence is improper under Blakely v. Washington, 542 U.S. 296 (2004), and
17  Cunningham v. California, 127 S. Ct. 856 (2007).  The motion is DENIED.  (Docket # 23.)  A
18  new claim for habeas relief may not be asserted in a motion and instead must be asserted in an
19  amended petition.  Also, a claim cannot be considered by this court unless and until the state
20  court remedies have been exhausted for the claim.     If petitioner wants to assert a
21  Blakely/Cunningham claim, he must file a motion to stay this proceeding so that he may return
22  to state court to exhaust his state court remedies by giving the California Supreme Court an
23  opportunity to rule on the merits of the claim.  After he exhausts state court remedies, he can
24  move to amend his federal petition to add that claim.
25         In Rhines v. Webber, 544 U.S. 269, 277-78 (2005), the Supreme Court discussed the stay-
26  and-abeyance procedure, explaining that a stay "is only appropriate when the district court
27  determines there was good cause for the petitioner's failure to exhaust his claims first in state
28  court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by

the petitioner.  Id. at 277-78.  Petitioner must make that showing in his motion for a stay, i.e., he must show that there is good cause for him to not have exhausted the claim, the claim is not meritless, and that he is not seeking a stay simply to delay the ultimate resolution of this action.

Petitioner must file and serve his motion for a stay no later than **January 23, 2009**. Respondent must file any opposition to the motion for a stay no later than **February 20, 2009**. Petitioner must file and serve any reply no later than **March 6, 2009**.

B.      Other Miscellaneous Matters And Motions

Due to the possibility that petitioner will be filing a motion to stay this action so he can exhaust his new claim, the court VACATES the existing briefing schedule on the merits of the petition.  In light of that, respondent's ex parte request for an extension of time to respond to the petition for writ of habeas corpus is DISMISSED as moot.  (Docket # 26.)

Petitioner filed a motion to obtain defense evidence from his state court case.  The motion is DENIED.  (Docket # 21.)  This court does not have the evidence from his state criminal trial. Petitioner must apply to the Mendocino County Superior Court if he wants a copy of any evidence from his state criminal trial.  Alternatively, he may request the item from the attorney who represented him in state court.

Petitioner filed a "motion to review this document in it's entirety, including inserts and exhibits."  The motion is DENIED as premature and unnecessary.  (Docket # 24.)  To the extent petitioner wants to present argument in support of his claims, the place to do that is in the traverse.  However, the traverse is not yet due because respondent has not yet filed his answer.

Petitioner filed a "motion to add an exhibit to my last traverse sent Aug. 24, 2008."  The motion is DENIED as unnecessary because the exhibit was already in the record as an attachment to his petition.  (Docket # 25.)

IT IS SO ORDERED.

DATED: December 12, 2008

_____
SUSAN ILLSTON
United States District Judge